No. 593. CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY CO. ET AL. v. UNITED STATES ET AL. Affirmed on appeal from D. C. S. D. Ohio. MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE WHITE, dissenting.

The Court today affirms the District Court in a case involving the relationship of various factors in determining a "just and reasonable" charge under § 15 (7) of the Interstate Commerce Act.[1] Because I think the court below was clearly in error, I would reverse and remand the case to the Interstate Commerce Commission for further consideration.

The appellants, various railroads operating in the southern United States, submitted to the ICC in 1967 a tariff proposing a $22-per-car transit charge for cotton and molasses.[2] The Commission, on protests from shippers, ordered appellants to refrain from imposing

---

[1] "At any hearing involving a change in a . . . charge, . . . the burden of proof shall be upon the carrier to show that the proposed changed . . . charge . . . is just and reasonable . . . ." 49 U. S. C. § 15 (7).

[2] "Transit" consists of stopping a freight car en route to its ultimate destination for processing of its contents. There is no separate charge for transiting cotton at most points in the South, or for transiting molasses at Jacksonville, Florida, and in the instant proceedings the appellants sought to impose the separate charge on such commodities at these points. The original proposal included grain and grain products, but the appellants did not contest the Examiner's decision regarding charges on those items before the full Commission.

the new charge pending a hearing under § 15 (7) to determine if the new charge was "just and reasonable."

A hearing was held in 1968, and after receiving testimony from appellants and the protesting shippers, the Examiner concluded that (a) the appellants had the burden of proving the charge was just and reasonable by "clear and convincing" evidence, (b) the $22 charge was not shown to approximate the actual costs involved in transiting a freight car, (c) the existing line-haul rates returned more than out-of-pocket costs for all services performed, including transit, and made a contribution to overhead as well, (d) the likely effect of the charge would be to divert traffic to motor carriers and thus reduce the railroads' overall revenue. "All things considered," the Examiner concluded, appellants had failed to show that the charge was just and reasonable. The Commission adopted the findings and conclusions of the Examiner without change. *Transit Charges, Southern Territory,* 332 I. C. C. 664 (1969).

On review, the three-judge District Court [3] found that the Examiner and thus the Commission had misstated the law in holding that the carriers had the burden of showing the charge was just and reasonable by "clear and convincing evidence." Had the court stopped there and simply remanded the proceedings to the Commission with directions to apply what the court deemed to be the proper standard of proof, there would be no need to review this case. However, the court went on to discuss the Commission's findings on the merits. It concluded that the Commission had not justified its conclusions that (a) the $22 charge was not shown to approximate transit costs and (b) the line-haul rates were sufficient to cover the costs involved. The court then found that the Commission's conclusion that the new charge would

[3] Convened pursuant to 28 U. S. C. § 1336.

have diverted traffic to motor carriers was based on substantial evidence. On the basis of the last finding, the court upheld the ICC's action and entered an order denying relief to appellants.

It has been settled law since the first *Chenery* case that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." *SEC* v. *Chenery Corp.*, 318 U. S. 80, 95 (1943). Thus, when the reviewing court here determined that the agency applied an erroneous standard of proof in its determination, it was barred from going on to consider whether the agency's action was supported by substantial evidence. The court compounded the error by upsetting two of the agency's findings as to reasonableness and upholding the agency solely on the basis of the third finding. The Examiner's report, adopted by the Commission, explicitly states that the conclusion was based on "[a]ll things considered," not merely the finding of diversion. Finally, the applicable statute provides:

> "*In the exercise of its power to prescribe just and reasonable rates* the Commission shall give due consideration, among other factors, to the effect of rates on the movement of traffic by the carrier or carriers for which the rates are prescribed . . . ." [4]

It is apparent from a reading of the statute that the likelihood of diversion cannot be an independent ground if the court determines, as it took upon itself to determine here, that the other factors involved do not support the Commission's conclusion as to reasonableness. Thus, the court was in error not only in reviewing the evidence after it determined the standard to be erroneous, but also

---

[4] 49 U. S. C. § 15a (2) (emphasis added).

was in error in two respects when it did evaluate the evidence.

It may well be that, had the Commission acted in light of the District Court's findings. as to the standard of proof, it would have found that the proposed charge was just and reasonable. We cannot assume, any more than the District Court could properly assume, that the finding of an unreasonable charge would have the support of substantial evidence. As the Court said in *Chenery, supra,*

> "The Commission's action cannot be upheld merely because findings might have been made and considerations disclosed which would justify its order. as an appropriate safeguard for the interests protected by the Act. There must be such a responsible finding. There is no such finding here." 318 U. S., at 94 (citation omitted).

By affirming the District Court, this Court gives its tacit approval to a procedure that is not in accord with accepted procedures of judicial review of agency actions. I would reverse the judgment of the District Court and remand the proceedings to the ICC.